**United States District Court**
**District of Massachusetts**

```
_____
                                )
Yoahua Zhang,                   )
                                )
        Plaintiff,              )
                                )
        v.                      )
                                )       Civil Action No.
Andrew Bettencourt,             )       20-10265-NMG
                                )
        Defendant.              )
                                )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This negligence action arose out of a motor vehicle accident involving plaintiff Yoahua Zhang ("Zhang" or "plaintiff") and defendant Andrew Bettencourt ("Bettencourt" or "defendant"). In February, 2020, Zhang filed this lawsuit here based on diversity jurisdiction, alleging that he is domiciled in Rhode Island and Bettencourt in Massachusetts. Bettencourt challenges that allegation (and the jurisdiction of this Court) insisting that he, instead, has been domiciled in Rhode Island since March, 2019.

Pending before this Court is defendant's motion to dismiss for lack of diversity jurisdiction. For the reasons that follow, that motion will be allowed.

- 1 -

I. **Motion to Dismiss**

    **A. Legal Standard**

Federal jurisdiction predicated on diversity of citizenship requires that the case arise between "citizens of different states" and have an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). Citizenship is determined by a person's domicile which is itself established by showing that the individual 1) is physically present in the state and 2) has an intent to remain indefinitely. Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004).

A party faced with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) bears the burden of establishing the court's jurisdiction over the case. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). If the motion makes a "sufficiency challenge", the court will assess the jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the nonmoving party's favor. Valentin, 254 F.3d at 363. If, however, the motion advances a "factual challenge" by controverting the accuracy, rather than sufficiency, of the alleged jurisdictional facts, the nonmoving party's "jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations of both parties to resolve the factual dispute. Id.

- 2 -

**B. Application**

Zhang alleges in his complaint that Bettencourt is a Massachusetts domiciliary.  Bettencourt responds that he is a citizen of Rhode Island and proffers a signed affidavit to that effect.  Because Zhang is, indisputably, domiciled in Rhode Island, diversity would be defeated if Bettencourt was, as well. The current record thus presents a factual issue as to Bettencourt's domicile, requiring this Court to determine whether Zhang has met his burden to establish diversity.

Having reviewed the written submissions by the parties, this Court concludes that Zhang has failed to meet that burden. Bettencourt has submitted an unrebutted factual challenge to Zhang's jurisdictional allegation. See Garcia Perez, 364 F.3d at 350 ("Once challenged, the party invoking diversity jurisdiction must prove domicile by a preponderance of the evidence."). Other than two conclusory statements in the complaint, nothing in the record supports Zhang's position that Bettencourt was domiciled in Massachusetts at the time the complaint was filed.

Bettencourt, on the other hand, has submitted a signed affidavit declaring that, since March, 2019, he has resided in West Warwick, Rhode Island on a full-time basis in a residence which he owns and that he currently holds a Rhode Island driver's license.  Taken together, those jurisdictional facts show that Bettencourt was physically present in Rhode Island at

- 3 -

the time this suit was filed and he intends to remain there. <u>See</u>
<u>Garcia Perez</u> v. <u>Santaella</u>, 364 F.3d 348, 351 (1st Cir. 2004)
("Courts typically take into account a variety of factors
indicating the extent of a particular party's ties to the
purported domicile[, including] current residence  . . . [and]
driver's license." (internal citations omitted)).  Accordingly,
defendant has established, and plaintiff has failed to refute,
that defendant is domiciled in Rhode Island, thus negating
diversity.  For that reason, this Court will allow Bettencourt's
motion to dismiss.

<b>ORDER</b>

For the foregoing reasons, defendant's motion to dismiss
(Docket No. 5) is **ALLOWED**.  Plaintiff's complaint is hereby
**DISMISSED without prejudice.**

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated February 12, 2021